Form G5 (20170105_bko)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| In Re: | ) | BK No.: 15-40607 |
|---|---|---|
| Deborah M. Clay | ) | |
| | ) | Chapter: 13 |
| | ) | Honorable Timothy A. Barnes |
| Debtor(s) | ) | |

**AGREED REPAY ORDER WITH PROVIDIONS FOR STAY RELIEF UPON DEFAULT**

THIS CAUSE coming on to be heard on the motion for stay relief filed by DITECH FINANCIAL LLC (hereinafter, "Movant"), for property located at 3044 141st St, Blue Island, IL (the "Property"), the Court having jurisdiction over the subject matter:

IT IS HEREBY ORDERED:

1. The parties have agreed to repay the following post-petition default pursuant to the terms of this order:

    a. Mortgage Payment (05/01/19) 1 @ $836.78        = $836.78
    b. Less amount in suspense                         = ($540.19)
       Total amount to be repaid through this order    = $296.59

2. That Movant must receive the following payments by the corresponding dates:

    a. $49.44 plus the June, 2019 post-petition mortgage payment on or before June 30, 2019;
    b. $49.43 plus the July, 2019 post-petition mortgage payment on or before July 31, 2019;
    c. $49.43 plus the August, 2019 post-petition mortgage payment on or before August 31, 2019;
    d. $49.43 plus the September, 2019 post-petition mortgage payment on or before September 30, 2019;
    e. $49.43 plus the October, 2019 post-petition mortgage payment on or before October 31, 2019;
    f. $49.43 plus the November, 2019 post-petition mortgage payment on or before November 30, 2019;

3. That Movant must receive the payments listed in Paragraph #2 on or before the corresponding date. If Movant fails to receive any one scheduled payment, the repayment schedule is void and if the debtor fails to bring the loan post-petition current within fourteen (14) calendar days after mailing notification to the Debtor and her attorney, the stay shall be automatically terminated as to Movant as to the Property, upon filing of notice of same with the clerk of the court;

4. That upon completion of the repayment schedule of paragraph #2 or tender of funds to bring the loan post-petition current under paragraph #3, the Debtor must continue to make "timely" post-

petition mortgage payments directly to Movant continuing monthly thereafter for the pendency of the bankruptcy;

5. That a payment is considered "timely", if the full payment is received in the office of the Movant on or before the 15th day of the month in which it is due and a late charge is due on all payments received after the 15th day of the month (this provision applies only to the triggering of this order and does not affect what constitutes currency of the loan post-petition);

6. That if Movant fails to receive two "timely" post-petition monthly mortgage payments and if the debtor fails to bring the loan post-petition current within fourteen (14) calendar days after mailing notification to the Debtor and his attorney, the stay shall be automatically terminated as to Movant as to the Property, upon filing of notice of same with the clerk of the court;

7. Movant's post-petition bankruptcy fees and costs are allowed and may be added to the indebtedness secured by the subject mortgage. These fees and costs have not been included in the repayment schedule described herein. Movant will file a Notice of Post-petition Mortgage Fees under Rule 3002.1 for any fees, expenses and charges included in this Order;

8. In the event that Movant should have to send out any Notices of Default, Movant may include up to $100.00 per notice, as additional attorney fees, that the Debtor must pay in addition to whatever funds are needed to cure the default and that said additional funds must be tendered prior to the expiration of the cure period set forth in the Notice;

9. Upon dismissal, discharge, chapter conversion, or relief from stay, the foregoing terms and conditions shall cease to be binding, payments will be due pursuant to the terms of the original loan agreement and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or the Debtor.

AGREED: /s/ Michael Burr
Attorney for Debtor

/s/ Peter C. Bastianen
Attorney for Creditor

Enter:

Honorable Timothy A. Barnes
United States Bankruptcy Judge

Dated: 11 JUN 2019

**Prepared by:**
Peter C. Bastianen
Codilis & Associates, P.C.
15W030 N. Frontage Rd., #100
Burr Ridge, IL 60527
630-794-5300
C&A File #14-19-02947